```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**QUINTON J. WHEELER,**

    Plaintiff,

v.          Civil Action No. 1:08CV185
             (Judge Keeley)

**R. TUTLER, Corrections Officer;**
**JOE DRIVER, Warden;**
**MYERS, Administrator Coordinator; and**
**M. FUSEYAMORE, Region Counsel;**

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE JOEL'S
REPORT AND RECOMMENDATION [DKT. NO. 16],
DISMISSING CLAIMS AGAINST DEFENDANTS MYERS,
DRIVER, AND FUSEYAMORE WITH PREJUDICE,
AND ORDERING DEFENDANT TUTLER TO BE SERVED
WITH A COPY OF THE SUMMONS AND COMPLAINT
THROUGH THE UNITED STATES MARSHAL SERVICE**

## I. INTRODUCTION

On October 8, 2008, the *pro se* plaintiff, Quinton J. Wheeler ("Wheeler"), filed a civil rights complaint that alleged he had been unconstitutionally deprived of his personal property by defendant R. Tutler ("Tutler"), and that defendants Joe Driver ("Driver"), Myers and M. Fuseyamore ("Fuseyamore") had violated his constitutional rights by acting with deliberate indifference in failing to investigate the loss of his personal property. On the basis of these allegations, Wheeler requested compensation of

$75,000 and punitive damages in the amount of $100,000 from each defendant.

## II. FACTUAL BACKGROUND

According to Wheeler's complaint, on October 6, 2007, Tutler destroyed a pair of Wheeler's headphones and lost or destroyed several of Wheeler's legal documents. Wheeler filed a claim under the Federal Torts Claim Act ("FTCA") on October 15, 2007 for the "alleged loss of personal property & personal injury at United States Penitentiary Hazelton ('USP Hazelton') on or about October 6, 2007." (dkt. no. 15, at 18).

On November 20, 2007, Fuseyamore, Regional Counsel for the Mid-Atlantic Region of the Bureau of Prisons ("BOP"), wrote a letter to Wheeler in which she acknowledged receipt of Wheeler's FTCA claim on October 15, 2007. Fuseyamore also stated that the BOP has "six months from the date of receipt of your claim in this office, to review, consider, and adjudicate your claim [pursuant to the Federal Tort Claims Act, 28 U.S.C. §2675]." (dkt. no. 15, at 18).

On April 1, 2008, Wheeler filed an informal resolution complaint. In a "Request for Administrative Remedy," he alleged that he had filed his informal resolution complaint because "no investigation occurred at the institution level [in regards to his

2

FTCA claim]." (dkt. no. 15, at 26). According to Wheeler, this request was denied.

On April 17, 2008, Wheeler filed an administrative remedy within USP Hazelton. According to Wheeler, no response was given. On May 1, 2008, Wheeler filed a second administrative remedy request, but did not receive a response to the filing of his second administrative remedy. Wheeler then appealed to the Mid-Atlantic Regional Office, which denied his appeal on May 6, 2008, for, among other reasons, being, untimely filed. (dkt. no. 15, at 23).

Fuseyamore sent a second letter to Wheeler on July 22, 2008, denying his FTCA claim, that stated:

> Investigation into your claim reveals that you were housed in cell number 115, in F-1 unit, on October 6, 2007. However, there is no evidence that the loss of and damage to your personal property was due to the negligent act or omission of a Bureau of Prisons employee. Furthermore, you do not articulate the basis for your personal injury claim, therefore, we cannot conclude that a Bureau of Prisons employee was negligent in causing your personal injury. Your claim is denied. If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court not later than six months after the date of this letter.

(dkt. no. 15, at 44)(emphasis added). Wheeler then filed the present litigation on October 8, 2008. Pursuant to Local Rule of Prisoner Litigation 83.01, and 28 U.S.C. §§ 1915(e) and 1915A, the

3

**ORDER ADOPTING MAGISTRATE JUDGE JOEL'S**
**REPORT AND RECOMMENDATION [DKT. NO. 16],**

Court referred Wheeler's complaint to United States Magistrate Judge David J. Joel ("Magistrate Judge Joel") for an initial review and report and recommendation. On May 27, 2009, Magistrate Judge Joel issued a Report and Recommendation ("R&R") recommending 1) that the claims against Myers, Driver and Fuseyamore be dismissed with prejudice for failure to state a claim, and 2)that Tutler should be served with a copy of the complaint and ordered to answer.

For the following reasons, the Court **ADOPTS** the R&R's recommendations in their entirety, **DISMISSES** the claims against Driver, Myers and Fuseyamore **WITH PREJUDICE**, and **ORDERS** that Tutler be served with a copy of the summons and complaint through the United States Marshal Service.

### III.  MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his R&R, Magistrate Judge Joel construed Wheeler's complaint as a civil rights complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). In reviewing Wheeler's complaint, Magistrate Judge Joel's review of Wheeler's complaint began by noting that, as a prisoner litigant pursuing a Bivens claims, Wheeler was required to first exhaust his administrative remedies. See Porter v. Nussle,

534 U.S. 516, 524 (2002). After summarizing the administrative procedures that prisoners must follow under the governing administrative remedy regime, and reviewing the documents filed by Wheeler, Magistrate Judge Joel concluded that Wheeler had fully exhausted his administrative remedies.

After analyzing the merits of Wheeler's allegations against each of the individual defendants, Magistrate Judge Joel recommended that the claims against Fuseyamore, Driver, and Myers be dismissed with prejudice but because Wheeler had adequately stated a claim against Tutler that Tutler be served with the complaint and directed to file an answer. With regard to Wheeler's claims against Fuseyamore, Magistrate Judge Joel stated that pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." He further stated that a <u>Bivens</u> action may be pursued against a defendant for his personal constitutional violations, but that a plaintiff must specifically allege the acts by which a defendant violated his constitutional rights, and also must state a causal connection between the defendant's personal conduct and the constitutional injury. See <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001); <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) (analyzing claim

under 42 U.S.C. § 1983 (1988)); and Zatler v. Wainright, 802 F.2d 397, 401 (11th Cir. 1986). Because Wheeler's complaint failed to allege that Fuseyamore's actions resulted in the violation of any of his constitutional rights, and contained no allegation of any wrongdoing, Magistrate Judge Joel recommended Fuseyamore's dismissal from the action.

Similarly, Magistrate Judge Joel found that Wheeler's complaint lacked any allegations that Driver, the Warden of USP Hazelton at the time of the alleged incident, had violated any of Wheeler's constitutional rights.  Instead, the complaint alleged only that Driver had failed to perform his administrative duties in his official capacity.  He found further that a personal action against a governmental employee can only be pursued for actions taken in the employee's individual capacity, and that an action against a governmental employee for actions undertaken in his official capacity constitutes an action not against that individual, but against the governmental entity he serves. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Additionally, he found that, although supervisory officials may be held liable for the constitutional violations of their subordinates when they play a causative role in inflicting a constitutional injury, Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), Wheeler's complaint

failed to contain adequate allegations to pursue such a claim against Driver. In reaching this conclusion, the magistrate judge found that to establish a Bivens claim for supervisory liability "[1] the supervisor must have actual or constructive knowledge that his subordinate was engaged in conduct that posed pervasive and unreasonable risk of constitutional injury, [2] supervisor's response to that knowledge was so inadequate as to show deliberate indifference or tacit authorization of alleged offensive practices, and [3] affirmative causal link existed between supervisor's inaction and particular constitutional injury suffered." R&R (dkt. no. 16, at 6-7) (citing Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)). In light of these requirements, he concluded that Wheeler's claims against Driver failed as a matter of law because the complaint lacked any allegations involving Driver's continued inaction, and failed to allege a causal link between Driver's alleged inaction and any injury suffered by Wheeler. He therefore recommended that the claims against Driver be dismissed.

Similarly, with regard to Wheeler's claims against Myers, the Administrative Remedy Coordinator at USP Hazelton, Magistrate Judge Joel concluded that Wheeler's claims failed to state a claim as a matter of law because he had not alleged that Myers took part in widespread abuse or continually failed to take action against the

alleged abuse faced by Wheeler. He therefore recommended that the claims against Myers be dismissed.

Finally, Magistrate Judge Joel concluded that Wheeler had adequately pleaded a claim against Tutler, and that Wheeler's complaint should be served on him. In reaching this conclusion, he noted that Wheeler's complaint alleged that while, he was away from his cell, Tutler had entered it to perform a search, and that, upon Wheeler's return to the cell, a set of his headphones and legal papers were missing. Magistrate Judge Joel therefore found that, although he had failed to adequately state a claim for retaliation, when liberally construed Wheeler's allegations stated a claim for deprivation of property without due process of law. See Parker v. Rockefeller, 521 F. Supp. 1013, 1017 (N.D.W. Va. 1981).

Following receipt of Magistrate Judge Joel's R&R, Wheeler filed objections to the recommendations regarding defendants Driver, Myers, and Fuseyamore, but raised no challenge to the recommendations with respect to Tutler. Those objections, however, merely reassert the allegations in Wheeler's complaint, his right to relief in conclusory terms, and that his claims were adequately documented. They do not challenge the legal reasoning of the R&R.

**ORDER ADOPTING MAGISTRATE JUDGE JOEL'S
REPORT AND RECOMMENDATION [DKT. NO. 16],**

**IV. STANDARD OF REVIEW**

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983); <u>see</u> also <u>Nettles v. Wainwright</u>, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

**V. DISCUSSION**

Objections to an R&R must be specific. <u>See</u> <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003). In this case, Wheeler's objections to the R&R are cursory at best. Furthermore, his objections do not address the legal analysis undergirding the R&R.

The Court finds that Magistrate Judge Joel properly applied the controlling legal standards from <u>Shaw</u>, 13 F.3d at 799; <u>Trulock</u>, 275 F.3d at 402; and <u>Slakan</u>, 737 F.2d at 372, to the allegations of this case when he determined that Wheeler had not stated a claim upon which relief could be granted against Driver, Myers, and Fuseyamore. It therefore **ADOPTS** the R&R in its entirety (dkt. no. 16), **DISMISSES** the claims against Driver, Myers and Fuseyamore **WITH**

**PREJUDICE**, and **ORDERS** that Tutler be served with a copy of the summons and complaint through the United States Marshal Service.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to all appropriate agencies, and further to send a copy of the order to the pro se plaintiff, Quinton J. Wheeler, via certified mail, return receipt requested.

DATED: May 28, 2010.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE