IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**QUINTON J. WHEELER,**

        **Plaintiff,**

v.                                  **CIVIL ACTION NO. 1:08cv185**
                                       **(Judge Keeley)**

**R. TUTLER, Correction Officer,**

        **Defendant.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On October 8, 2008, the *pro se* plaintiff initiated that action by filing a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. In his complaint, the plaintiff alleged that he had been deprived of his personal property by actions of four individuals: R. Tutler[1], a corrections officer; (2) Joe Driver, the warden; (3) Myers, the administrative coordinator; and (4) M. Fuseyamore, regional counsel. On May 27, 2009, the undersigned conducted a preliminary review of this matter and recommended that all of the defendants, except R. Tuttle, be dismissed. The plaintiff filed objections to the Report and Recommendation on June 18, 2009. (Doc. 22). On May 28, 2010, the Court adopted the recommendations contained in the Report and

---

[1]The plaintiff misspelled the name of this defendant. The correct spelling is "Tuttle" which will be used through the remainder of this Report and Recommendation.

1

Recommendation, and his claims against defendants Myers, Driver, and Fuseyamore were dismissed with prejudice. (Doc. 36). Thereafter, a summons was issued for defendant Tuttle, and on August 9, 2010, said defendant filed a Motion for Summary Judgment. On August 10, 2010, a Roseboro Notice was issued, and on September 1, 2010, the plaintiff filed a response in opposition. On November 5, 2010, the plaintiff filed a Notice of Change of Address indicating that he been transferred to the Federal Medical Center at Butner ("FMC Butner"), North Carolina. On January 19, 2011, the defendant filed a Certification of Vital Record from the Register of Deeds in Durham County, North Carolina which establishes that the plaintiff died on November 18, 2010, at FMC Butner. (Doc. 52-1). In addition, the defendant filed two Next of Kin Forms which had been executed by the plaintiff. The first, dated June 22, 2005, names his mother, India Newton, as the individual who should be notified in the event of his death.[2] (Doc. 52-2). The second, dated October 28, 2008, names his sister, Pamela Newton, as the individual who should be notified.[3]

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff claims that on October 6, 2007, defendant Tuttle entered his cell to perform a "shake down" and various items of his personal property were either lost or destroyed in the process. Among those items were several legal papers and a pair of head phones. The plaintiff alleges that defendant Tuttle intentionally destroyed his legal papers knowing that he would be unable to comply with the court's request to show and produce such exhibits as evidence

---

[2] It would appear that the plaintiff's mother predeceased him.

[3] Because the plaintiff's death does not moot his complaint, the undersigned has completed a Report and Recommendation which should be sent to his next of kin.

2

for his case. In addition, it appears that the plaintiff alleges that defendant Tuttle also destroyed the legal documents in retaliation for his filing grievances regarding the conditions of his confinement. The plaintiff maintains that defendant Tuttle's actions violated his First and Fifth Amendment rights. For relief, the plaintiff seeks a declaratory judgment as well as compensatory and punitive damages.

**The Defendant's Motion**

In response to the complaint, the defendant asserts that the plaintiff is not entitled to relief for the following reasons:

(1) the plaintiff failed to exhaust his administrative remedies;

(2) the plaintiff's claims against defendant Tuttle must be dismissed due to lack of personal involvement;

(3) The plaintiff does not provide evidence that he was denied access to the Courts;

(4) The plaintiff fails to establish a claim of retaliation against defendant Tuttle;

(5) The plaintiff had available remedies at the time of the alleged incident;

(6) The plaintiff's claims regarding access to the Bureau of Prisons Administrative Remedy Program are not actionable under Bivens; and

(7) Defendant Tuttle is entitled to qualified immunity.

## IV. Standard of Review

A. **Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying the standard for

3

summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but … must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is properly only "[w]here the record taken as a whole could not lead a rational trier of fact to find the nonmoving party." Matsushita at 587 (citation omitted).

## V. Analysis

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is

mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo., 548 U.S. 81, 126 S. Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

The Federal Bureau of Prison ("BOP") has established an administrative remedy procedure through which an inmate may seek a formal review of an issue or complaint relating to his confinement. Within 20 calendar days of the date of the occurrence on which the complaint is based, an inmate may file a written complaint with the institution on the proper form. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the institutional Warden's response, he may appeal, to the Regional Director within 20 calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still not satisfied, he may appeal the Regional Director's response to the Office of General Counsel via a Central Office Administrative Remedy Appeal. The final appeal must be filed within 30 calendar days of the date the Regional Director signed the response. Id. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In the Report and Recommendation filed on May 27, 2009, the undersigned determined that

the plaintiff had exhausted his administrative remedies. In making this finding, the undersigned relied on the plaintiff's assertion that he had exhausted all available administrative remedies. (Doc. 15-5). In addition, the undersigned relied on a letter from the U.S. Department of Justice which indicated that his administrative tort claim had been denied, thereby permitting him to pursue a Federal Tort Claim Act ("FTCA") in district court. However, upon review of the defendant's Motion for Summary Judgment, with supporting affidavits, and the plaintiff's response thereto, it is now clear that the plaintiff failed to exhaust his administrative remedies, and this matter should be dismissed with prejudice because he cannot now exhaust said remedies.[4]

First, its should be noted that the exhaustion of his administrative remedies under the FTCA is separate and distinct from exhaustion of the BOP administrative remedy process for purposes of a <u>Bivens</u> claim. While the plaintiff clearly could have filed a FTCA within six months of the July 22, 2008, administrative denial of his claim, the relief he requested would have been limited to the sum of $160.00, the amount of his administrative claim.[5] Moreover had the plaintiff attempted to pursue a FTCA for the sum of $160.00, the same would have been subject to a frivolity dismissal because the actual amount in controversy would have been less than the filing fee.

Accordingly, the pertinent issue is whether the plaintiff exhausted the BOP administrative remedy process. A review of the plaintiff's administrative history in SENTRY reveals he has not

---

[4]This would be true even if the plaintiff were not deceased. The time within which to file a formal written complaint with the institution is within 20 days of the date of the occurrence on which the complaint is based. 28 C.F.R. § 542.14(a).

[5]Actions under the FTCA "cannot be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

6

exhausted administrative remedies regarding his claim against defendant Tuttle. The plaintiff submitted only one administrative remedy, which was filed at the incorrect administrative level seven months after the alleged incident took place. (Doc. 47-10).

The undersigned is aware that in response to the defendant's Motion for Summary Judgment, the plaintiff asserts that his Administrative Remedy was rejected at the Regional Level because no response from the warden was attached. The plaintiff argues that no response was attached because his BP-9 was ignored. He further alleges that he submitted a second BP-9, which he apparently maintains was also ignored. (Doc. 50, p. 5). However, by his own admission, the first BP-9 was submitted on April 17, 2008, which was more than six month after the alleged actions of defendant Tuttle and clearly well beyond the 20 day time limitation set out in the administrative remedy process. Thus, the plaintiff procedurally defaulted his claim, and this case should be dismissed with prejudice for failing to exhaust administrative remedies.

## V. Recommendation

For the reasons stated herein, the undersigned recommends that the defendant's Motion for Summary Judgment (Dkt. No. 46) be **GRANTED**, the plaintiff's Motion to Enter Default of Defendant R. Tuttle (Doc. 44) be **DENIED,** and the complaint be **DISMISSED with prejudice**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party[6] may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such

---

[6]Should the plaintiff's sister wish to file objections, she should do so within the fourteen day time limitation. The Court has sent her this Report and Recommendation because she was named by the plaintiff as the individual who should be notified in the eventt of his death. However, should she decide to filed objections, the Court may require her to demonstrate that she is the duly appointed personal representative of Quinton J. Wheeler.

objections should also be submitted to the Honorable John Preston Bailey, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the plaintiff's sister, Pamela Newton, by certified mail return receipt requested, to her last known address at 14828 Melfordshire Way, Silver Spring, MD, 20906 and any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: 1-24-2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE