IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**QUINTON J. WHEELER,**

    **Plaintiff,**

v.          Civil Action No. 1:08CV185
             (Judge Keeley)

**R. TUTLER, Corrections Officer,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 53],
DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT [DKT. NO. 44],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 46],
AND DISMISSING COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

On January 24, 2011, the Honorable David J. Joel, United States Magistrate Judge ("Magistrate Judge Joel"), issued a report and recommendation ("R&R") that concluded that the pro se plaintiff, Quinton J. Wheeler ("Wheeler"), a federal inmate, had failed to exhaust his administrative remedies. Accordingly, he recommended that Wheeler's motion to enter default be denied, that the defendant, R. Tuttle's ("Tuttle"),[1] motion for summary judgment be granted, and that Wheeler's complaint be dismissed with prejudice.

---

[1] Although Wheeler named "Tutler" as a defendant, the defendant informs the Court that the correct spelling of his name is "Tuttle." See Def.'s M.S.J. 1 n.1 (dkt. no. 46).

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 53], DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT
[DKT. NO. 44], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 46], AND DISMISSING COMPLAINT WITH PREJUDICE
[DKT. NO. 1]**

Prior to the issuance of the R&R, Tuttle filed a written notice stating that Wheeler had died on November 18, 2010 while incarcerated at FMC Butner, and attached a certificate of Wheeler's death, as well as a Bureau of Prisons form in which Wheeler listed his sister, Pamela Newton ("Newton"), as his next of kin (dkt. no. 52).

Based on that notice, Magistrate Judge Joel directed the Clerk of Court to mail a copy of the R&R to Newton and informed her that a failure to file timely objections within fourteen days of receiving it would result in the waiver of the right to appeal from a judgment based on its recommendations. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985).

The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997). Newton received service of the R&R on February 1, 2011 (dkt. no. 54), but has not filed any objections to it.

The Court, therefore, **ADOPTS** the R&R in its entirety (dkt. no. 53), **DENIES** Wheeler's motion to enter default (dkt. no. 44), **GRANTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 53], DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT
[DKT. NO. 44], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 46], AND DISMISSING COMPLAINT WITH PREJUDICE
[DKT. NO. 1]**

Tuttle's motion for summary judgment (dkt. no. 46), and **DISMISSES** Wheeler's complaint **WITH PREJUDICE** (dkt. no. 1).

It is so **ORDERED**

The Court directs the Clerk to enter a separate judgment order, and to transmit copies of both orders to counsel of record and all appropriate agencies, and to mail copies to Pamela Newton at 14828 Melfordshire Way, Silver Spring, Maryland, 20906, via certified mail, return receipt requested.

Dated: February 23, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE